**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
1411 K St. NW, Suite 1300
Washington, D.C. 20005,

*Plaintiff*,

v.

U.S. DEPARTMENT OF AGRICULTURE,
1400 Independence Avenue, SW
Washington, D.C. 20250,

*Defendant*.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Case No: 25-cv-03518

## INTRODUCTION

1. The Center for Biological Diversity ("Center") brings this action to compel the United States Department of Agriculture ("USDA") to disclose public records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2. The public records at issue relate to the Trump administration's directive that agencies "terminate . . . all . . . 'equity-related' grants or contracts," including by following an interim step of creating "a list of all . . . Federal grantees who received Federal funding to provide or advance DEI, DEIA, or 'environmental justice' programs, services, or activities since January 20, 2021." Exec. Order No. 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8,339 (Jan. 20, 2025) ("DEI Elimination EO").

3. DEI in this context stands for "Diversity, Equity, and Inclusion," and DEIA stands for "Diversity, Equity, Inclusion, and Accessibility." As these terms relate to the USDA, DEI, DEIA, and environmental justice are commonly understood to stand for initiatives that promote

fair treatment and full participation of all farmers and farming communities, especially those historically underrepresented and/or discriminated against on the basis of their race or gender. *See, e.g.,* Congressional Research Service, *The Pigford Cases: USDA Settlement of Discrimination Suits by Black Farmers*, Report No. RS20430 (May 29, 2013) ("Litigation against the U.S. Department of Agriculture (USDA) for discrimination against African American farmers began in August 1997 with two suits brought by black farmers—*Pigford v. Glickman* and *Brewington v. Glickman* . . . [following] black farmers [claiming] that they were not receiving fair treatment when they applied to local county committees . . . for farm loans or assistance . . . . Many black farmers contended that they were facing foreclosure and financial ruin because the USDA denied them timely loans and debt restructuring.").

4. On June 17, 2025, Brooke Rollins, in her capacity as Secretary of the USDA, announced through an official agency press release that the USDA would terminate more than 145 DEI focused awards, totaling a maximum of $148.6 million. In announcing these terminations, the USDA provided the public and grantees with little insight into the nature, individual impacts, and ultimate effects of these termination activities. Rather, USDA merely described three general categories of the programs that it intended to terminate, as well as an estimate of the savings from each.

5. While the press release announcing these award terminations estimated a total savings to the USDA of $148.6 million, the three categories described in that release were estimated to include only slightly greater than $3.2 million worth of grants. Upon information and belief, the award terminations that will allegedly yield the remaining $145.4 million have not otherwise been publicly identified.

6. On July 8, 2025, the Center submitted a FOIA request letter to the USDA seeking public records sufficient to identify clearly which awards will be terminated, how termination decisions were made, the identity of impacted recipients, and the timeline for award termination.

7. These records are subject to FOIA, time-sensitive and of significant public interest. The ongoing uncertainty around which awards, including grants, are threatened has created significant disruptions for farmers, other grant recipients, and the communities whose economy and job opportunities may rely on the targeted awards. Grantees cannot accurately invest in and plan for future operations so long as they are unsure of present and future funding. This uncertainty will continue to harm the nation's food security and its progress towards adopting sustainable agricultural practices that improve the resilience of American farms, so long as USDA continues to withhold the requested records.

8. While USDA's press release claims that the cancellation of grants will put America's farmers first, the terminations that USDA has described to date instead appear to directly undermine the ability of farmers, including socially disadvantaged and marginalized farmers, to continue producing food and other agricultural products.

9. The Center and its members are deeply interested in, and affected by, how these award terminations may impact the Center's longstanding efforts to protect the environment, endangered and threatened species, and a just, sustainable food system. Information about the continuation or termination of potentially targeted awards will alter the Center's strategies around its advocacy for the adoption of sustainable agricultural practices and for equitable access to land and markets for marginalized producers.

10. Prompt access to these public records is necessary to realize FOIA's purpose of transparency in government operations. FOIA establishes clear deadlines and requirements for FOIA responses. As discussed further below, Defendant is in violation of these statutory duties.

11. Accordingly, the Center seeks (1) declaratory relief establishing that USDA has violated FOIA; and (2) injunctive relief ordering USDA to make an immediate determination on the Center's FOIA request and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, by a date certain.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA. Venue vests in this Court under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because the responsive records may be found in this district.

13. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201 and 5 U.S.C. § 706; authority to grant the requested injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202; and otherwise provide relief using the court's equitable powers.

## PARTIES

14. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("Center") is a nonprofit organization with offices and staff throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; healthy communities; and sustainable conservation practices. The Center has more than 93,000 active members throughout the United States and the world.

15. The Center is the requester of the information and records at issue. The organization and its members are harmed by USDA's failure to disclose the requested information and records that are responsive to the Center's FOIA requests. These violations of law injure the Center by preventing the Center from understanding how the current administration's policies will affect the Center's longstanding campaign to reduce the nation's reliance on unsustainable farming practices.

16. This information and the Center's subsequent analyses of it will help to inform and prioritize the Center's organizational mission, including by helping the Center make critical choices about where to direct resources and develop alternate strategies. The Center will also share the requested information with its members and with the public in general to inform them about which grants are in danger of cancellation and about potential avenues for response. The requested records and information will also be used to inform Congressional representatives and their staffs about threats to grants in their districts.

17. This injury will be redressed if the Court orders USDA to disclose all requested records.

18. Defendant US DEPARTMENT OF AGRICULTURE ("USDA") is a federal agency that is responsible for overseeing farm programs, subsidies, and grants, conducting research into farming practices and educating farmers and their communities, and protecting the public from unsafe food. USDA is a federal governmental agency within the meaning of FOIA and is in possession and control of records responsive to the Center's FOIA request. As such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request.

**STATUTORY BACKGROUND**

19. FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access all federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, *id*. § 552(b).

20. Recognizing that the timely disclosure of requested records is essential to fulfilling its purpose, FOIA imposes strict and rigorous deadlines for agencies to respond to FOIA requests for specific information. Within twenty business days of receiving a request, an agency must (1) determine if it will release the requested records, and (2) notify the requester of (a) its determination and reasons for it, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse determination. *Id.* § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

21. FOIA provides only limited circumstances under which a federal agency may take longer than twenty business days to make a determination. First, the agency may toll the twenty business day deadline for up to ten additional business days while the agency is waiting for information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the twenty business day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. *Id.* § 552(a)(6)(A)(ii)(II).

22. Additionally, if the agency faces "unusual circumstances," the agency may extend the twenty business day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). No extension, however, should exceed ten business days unless the agency

provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and provides the requester with "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

23. Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." *Id.* § 552(a)(6)(B)(iii).

24. Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty day statutory deadline. *Id.* § 552(a)(6)(A)(i).

25. Agencies must make a reasonable effort to maintain and search for records so all responsive records can be identified and reproduced. *Id.* § 552(a)(3)(B)–(D).

26. In certain limited instances, an agency may withhold responsive records pursuant to nine specific statutory exemptions. *Id*. § 552(b). This court has held that these exemptions "must be narrowly construed" given FOIA's primary objective of transparency and disclosure of information, not secrecy. *Election Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d

518, 522 (D.C. Cir. 2015); *see Leopold v. United States DOJ*, 94 F.4th 33, 37 (D.C. Cir. 2024). An agency bears the burden of proof if it claims any exemption applies to withhold responsive records. *Id*. §552(a)(4)(B). Even where records may be exempt from disclosure, FOIA expressly requires agencies to disclose reasonably segregable portions of those records. *Id*. § 552(b).

27. When an agency responds to a request before the requester has filed suit, the requester must administratively appeal a denial and allow the agency at least twenty working days to adjudicate that appeal. *Id*. § 552(a)(6)(A)(ii); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 63 (D.C. Cir. 1990).

28. FOIA grants this Court jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## STATEMENT OF FACTS

29. On July 8, 2025, the Center submitted a FOIA request to USDA requesting records documenting the programs impacted by Secretary of Agriculture Brooke Rollins' June 17, 2025 announcement that the USDA "will terminate more than 145 Diversity, Equity, and Inclusion (DEI) focused awards." *Secretary Rollins Takes Bold Action to Put American Farmers First, Cuts Millions in Woke DEI Funding*, USDA (Jun. 17, 2025), https://www.usda.gov/about-usda/news/press-releases/2025/06/17/secretary-rollins-takes-bold-action-put-american-farmers-first-cuts-millions-woke-dei-funding.

30. USDA has not yet released any records in response to this request, nor has the agency provided an estimated date by which it expects to begin releasing records. The communications regarding this request, as well as contextual information about the records that are the subject of the request, are summarized below.

31. On January 20, 2025, President Trump signed Executive Order 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*. Section 2(b)(i) of this E.O. directed all federal agencies to "terminate . . . all 'equity action plans,' 'equity' actions, initiatives, or programs, [and] 'equity-related' grants or contracts." 90 Fed. Reg. at 8,339. Section 2(b)(ii) directs all agencies to produce "a list of all . . . DEI, DEIA, or 'environmental justice' services, activities, budgets, and expenditures." *Id.*

32. On June 17, 2025, USDA issued a press release announcing the impending termination of over 145 awards. The notice provided general descriptions of three categories of programs that would face termination, along with the sums of money that would be withheld. The press release did not provide any further information about which specific awards face termination.

33. On July 8, 2025, the Center submitted, *via* USDA's online portal, a FOIA request to USDA for records from January 20, 2025 to the date that USDA conducts the relevant search, requesting:

> the records, *excluding* emails, documenting the programs impacted by Secretary of Agriculture Brooke Rollins' June 17, 2025 announcement that the USDA "will terminate more than 145 Diversity, Equity, and Inclusion (DEI) focused awards, totaling a maximum savings of $148.6 million" that are sufficient to show the:
> 1. Names of impacted programs;
> 2. Names and locations of the recipients whose awards were terminated for each program;
> 3. Names and locations of any recipients under these programs whose awards were not terminated for each program;
> 4. Award amount for each recipient;
> 5. Effective dates of the terminations; and
> 6. Criteria used to determine which programs and awards would be terminated.

34. On July 10, 2025, USDA acknowledged receipt of the Center's FOIA request. In its letter, USDA further acknowledge that FOIA requires the agency to "make a determination

. . . within 20-business days from its date of receipt" unless "unusual circumstances" necessitate an extension by "10-business days." USDA provided the reference number of 2025-DA-08280-F for the request.

35. Pursuant to FOIA's mandatory statutory deadlines, USDA was required to make a determination on the Center's FOIA request within 20 working days, i.e. by August 5, 2025. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

36. On August 6, 2025, twenty-one workdays after the submission of its request, the Center contacted the FOIA Office at USDA requesting "an update on where this request stands."

37. On August 7, 2025, USDA's FOIA Team responded to the Center's inquiry that their Office of Information Affairs "has initiated a search for records and is waiting for the search results." USDA indicated that once "we know the universe of records, we will be better able to estimate a date of completion."

38. On September 2, 2025, thirty-nine workdays after the submission of its request, the Center again sought an update from USDA, asking "[d]o you have a sense of the universe of records for 2025-DA-08280-F now?" and stating that "[w]e are hoping for an estimated completion."

39. On September 4, 2025, the FOIA officer at USDA explained in response that "[t]he request came back with thousands of emails, and our office has to do a search of the attachments to those emails." USDA acknowledged that the Center had "excluded emails in [our] request" but stated that they had to "get a sense of how many emails have attachments and the contents of those attachments." The FOIA office indicated that she "hope[d] to get [the Center] an estimate by next week."

40. On September 12, 2025, the Center again requested information about "the status of 2025-DA-08280-F" and requested "a better estimate." The Center received no response to this inquiry.

41. On September 16, 2025, the Center sent the Office of the Secretary at USDA a letter providing the agency with a "Notice of Deadline Violation, Request for Estimated Date of Completion and Offer to Assist." The Center informed USDA that it intended to "pursue litigation to compel production of the records" unless USDA "produce[s] a record response within 14 days." The Center notified USDA that, as of the date of that letter, 49 workdays had passed "with no responsive records or estimated date of completion" and that, despite FOIA's provision for a single 10-workday extension, USDA "did not invoke [that] extension."

42. In its letter, the Center explained how "time-sensitive [was the] nature of the requested data" but signaled that it "does not wish to initiate litigation at this time because it believes that a cooperative approach is a more productive way to manage and resolve the USDA's delay." Accordingly, staff at the Center expressed willingness to "assist [USDA's] office in any way that I can in order to facilitate the USDA's prompt release of the requested records."

43. During the 59 business days that have passed since the Center submitted its request, USDA has failed to provide an estimated date of completion or any records and has not responded to the Center's "Notice of Violation . . . and Offer to Assist." 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.40(a).

44. As of the date of filing, USDA has not requested additional information from the Center about its FOIA request, *see* 5 U.S.C. § 522(a)(6)(A), 5 C.F.R. § 1303.40(a), nor has it notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's

deadline for a determination, 5 U.S.C. § 522(a)(6)(B); 5 C.F.R. § 1303.40(c). USDA has ignored the Center's offer to assist the agency with its processing of the Center's request.

45. USDA's failure to make a timely determination and "promptly" provide all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government and violates statutory mandates.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Comply with FOIA's Mandatory Determination Deadline)**

46. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47. The Center properly requested records within the control of USDA through its July 8, 2025 FOIA request letter.

48. The Center has a statutory right to a lawful final determination from USDA on the Center's July 8 request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

49. In order to make a lawful "determination" on each request, USDA must at least: (i) gather and review the records; (ii) determine and communicate the scope of the records it intends to produce and withhold, and the reasons for withholding any records; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

50. The deadline for USDA to provide a determination on the Center's request has lapsed because more than twenty working days have passed since USDA received the Center's request and USDA has not claimed the extension of ten working days for the request.

51. USDA's failure to provide a lawful determination on the Center's request by FOIA's mandatory deadline violates the Center's right to a determination.

52. USDA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold a determination in response to the Center's request.

53. The Center has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

54. The Center's organizational activities will be adversely affected if USDA continues violating FOIA's requirement to provide a determination on this request.

55. Based on the nature of the Center's organizational activities, it will continue to employ FOIA's provisions in records requests to USDA in the foreseeable future.

56. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's right to receive a determination in response to the Center's request for records under FOIA.

**SECOND CLAIM FOR RELIEF:**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to Conduct Adequate Searches for Responsive Records)**

57. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

58. The Center has a statutory right to have USDA process its July 8, 2025 FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

59. USDA violated the Center's rights in this regard because USDA has unlawfully failed to conduct an adequate search reasonably calculated to locate all records responsive to the Center's FOIA request. *Id.*

60. USDA has no lawful basis under FOIA for its failure to conduct an adequate search for records responsive to the Center's July 8 request.

61. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's rights under FOIA to an adequate search for records responsive to the Center's July 8 request.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(Failure to Promptly Disclose all Responsive Records)**

62. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

63. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

64. USDA has violated the Center's rights in this regard by withholding records that are responsive to the Center's July 8 FOIA request.

65. USDA has provided no lawful basis to withhold the requested records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the requested records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

66. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, USDA will continue to violate the Center's right to promptly receive all records responsive to its FOIA request.

///

///

## PRAYER FOR RELIEF

WHEREFORE, the Center respectfully requests that this Court:

(A) Declare that the Defendant violated FOIA by failing to provide a lawful determination within twenty workings days on the Center's July 8, 2025 FOIA request (Reference Number 2025-DA-08280-F), by failing to conduct an adequate search for records responsive to this request, and by failing to promptly disclose all records responsive to this request;

(B) Order the Defendant to immediately make a determination on the Center's July 8, 2025 FOIA request (Reference Number 2025-DA-08280-F);

(C) Order the Defendant to search for any and all responsive records to the Center's July 8, 2025 FOIA request (Reference Number 2025-DA-08280-F), using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(D) Order the Defendant to promptly produce, by a date certain, all nonexempt responsive records or segregable portions of the requested records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(E) Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the requested records;

(F) Retain jurisdiction over this action to ensure the appropriate processing of the Center's FOIA request and to ensure that no agency records or portions of the requested records are improperly withheld;

(G) Award the Center its attorneys' costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(H) Grant such other and further relief as the Court may deem just and proper.

DATED: October 1, 2025

Respectfully submitted,

*/s/ Hannah M.M. Connor*
HANNAH CONNOR (D.C. Bar No. 1014143)
Center for Biological Diversity
1411 K St. NW Ste. 1300
Washington, D.C. 20005
Tel: (202) 681-1676
Email: hconnor@biologicaldiversity.org

/s/ *Ivan Ditmars*
IVAN DITMARS* (CA Bar No. 359879)
Center for Biological Diversity
2100 Franklin St., Suite 375
Oakland, CA 94612
Tel: (510) 844-7158
Email: iditmars@biologicaldiversity.org
**Pro Hac Vice* application pending

*Attorneys for Plaintiff*